United States District Court
Southern District of Texas
**ENTERED**
May 27, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LIDIA MORENO PALACIOS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-26-4038 |
| | § | |
| MARKWAYNE MULLIN, et al., | § | |
| | § | |
| Respondents. | § | |

### MEMORANDUM OPINION AND ORDER

On May 31, 2003, Lidia Moreno Palacios ("Petitioner"), a citizen of Mexico, was admitted into the United States as a nonimmigrant B2 visitor with authorization to remain in the United States for a temporary period not to exceed May 4, 2004.[1] Petitioner remained in the country beyond that date without authorization.[2] On June 27, 2023, Petitioner was found in Conroe, Texas.[3] That same day, Petitioner was served a Notice to Appear, charging her with removability pursuant to § 237(a)(1)(C)(i) of the Immigration and Nationality Act ("INA") for failing to comply with the conditions of nonimmigrant status and pursuant to §

---

[1]Respondents' Motion to Dismiss Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 for Lack of Ripeness ("Respondents' MTD"), Docket Entry No. 5, p. 2.  For purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

[2]Id.

[3]Id.

237(a)(1)(B) of the INA for remaining in the United States for a period longer than permitted.[4]

On October 25, 2024, after reviewing Petitioner's written pleadings, an immigration judge found Petitioner removable as charged.[5]  Because Petitioner failed to file an application for relief within sixty days of the October 25, 2024, decision, on December 30, 2024, the immigration judge ordered Petitioner removed to Mexico.[6]

On January 21, 2025, Petitioner filed a Motion to Reopen before the immigration court.[7]  The motion was denied on February 4, 2025.[8]  On February 24, 2025, Petitioner filed a Motion to Reconsider before the immigration court, which was denied on March 6, 2025.[9]  On March 17, 2025, Petitioner filed an appeal with the Board of Immigration Appeals.[10]  Her appeal remains pending.[11] Petitioner is not currently in detention or Immigration and Customs

---

[4]Id.

[5]Id. at 2-3.

[6]Id. at 3.

[7]Id.

[8]Id.

[9]Id.; Order of the Immigration Judge, Exhibit 6 to Respondents' MTD, Docket Entry No. 5-6, p. 4.

[10]Respondents' MTD, Docket Entry No. 5, p. 3.

[11]Id.

-2-

Enforcement ("ICE") custody.[12]  There is currently no stay in place on Petitioner's removal.[13]

Pending before the court is Petitioner's Petition for Writ Of Habeas Corpus and for Emergency Temporary Injunctions ("Habeas Petition") (Docket Entry No. 1).  Petitioner asks this court to enjoin ICE from (1) moving her outside the jurisdiction of this court while these proceedings are pending, (2) removing her while her appeal is pending before the Board of Immigration Appeals, and (3) revoking her bond and detaining her.[14]

Also pending before the court is Respondents' Motion to Dismiss (Docket Entry No. 5).  Respondents argue that Petitioner cannot seek habeas relief because she is not currently in the custody of the Government.[15]  Respondents also argue that even if Petitioner is detained in the future, she "may file another habeas corpus petition at that time."[16]

"The 'federal habeas statue gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are in custody in violation of the Constitution or laws or treaties of the United States.'" Rezaei v. Martinez, Civil Action Number 4:26-cv-00800, 2026 WL 346141, at *1 (S.D. Tex. Feb.

---

[12]Id.

[13]Id.

[14]Habeas Petition, Docket Entry No. 1, pp. 4-5.

[15]Respondents' MTD, Docket Entry No. 5, p. 1.

[16]Id. at 5.

9, 2026) (quoting Maleng v. Cook, 109 S. Ct. 1923, 1925 (1989)) (emphasis in original).  "The Supreme Court has 'interpreted the statutory language as requiring that the habeas petitioner be in custody under the conviction or sentence under attack at the time his petition is filed.'"  Id. (quoting Maleng, 109 S. Ct. at 1925) (emphasis in original).  Because Petitioner concedes that she is currently released on bond,[17] she has failed to satisfy the in-custody requirement.  Id.

Petitioner also alleges that she has been ordered to report to the Houston Field Office of ICE on May 29, 2026, for deportation.[18] However, Petitioner has failed to provide the court with any documentation in support of her assertion.

For the reasons explained above, Petitioner's Emergency Motion for Temporary Injunctions (Docket Entry No. 1) is **DENIED.** Petitioner is **ORDERED** to respond to Respondents' Motion to Dismiss (Docket Entry No. 5) by June 1, 2026.

**SIGNED** at Houston, Texas, on this 27th day of May, 2026.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE

---

[17]Habeas Petition, Docket Entry No. 1, p. 5.

[18]Id. at 2.